IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  3:07cr114/LAC

JUSTIN ERIC KING

### DEFENDANT'S MOTION *IN LIMINE* – 404(b) NOTICE

COMES NOW defendant JUSTIN ERIC KING, by and through undersigned counsel, and moves *in limine* for the Court to make a ruling as to the admissibility of certain Rule 404(b) evidence and as grounds therefor says:

a) The Government submitted to the defendant on November 9, 2007, a notice of intent to offer Rule 404(b) evidence at trial. The Government declared in the notice that it intends to offer testimony concerning the facts and circumstances regarding the following matters:

> 1. The defendant's job application, resume, "letters of recommendation," and interview for a position at Bay Point Marriott. More specifically, the application for employment

filled out and signed by the defendant; the resume submitted by the defendant; and the letter of recommendation purportedly signed by Steven Murphy. . . .

2. This evidence is offered to demonstrate knowledge, intent, absence of mistake or accident, motive and plan.

b) The Government's notice states no other facts or specific explanation as to why the 404(b) evidence would be admissible at trial

**c). I CERTIFY that in accordance with local rules I have contacted the prosecutor on this case, Tiffany H. Eggers, AUSA, who states that the government objects to this motion.**

## MEMORANDUM OF LAW

The Government has verbally indicated to the defense that it maintains that the defendant made false representations in his Bay Point Marriott job application. But he Government has not specified in its notice the specific false representations it intends to show the defendant allegedly made in applying for a job with the Bay Point Marriott.

The defendant is accused in the case above of essentially conspiring with others to submit false information to state and federal authorities to obtain visas for nonimmigrant alien temporary workers and of in fact knowingly committing such acts or knowingly assisting others in doing so.

The defendant made his Bay Point Marriott job application on or about May 7, 2007 – after the criminal conduct was allegedly committed by the defendant in this case.

The defendant objects to any evidence being admitted as to his application for a job with the Bay Point Marriott, Panama City, Florida on two grounds. First, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith." Rule 404(b), Federal Rules of Evidence. There is no similarity between the alleged false representations in the motel job application and the false representations made in the applications for visas in this case. Proof that the defendant allegedly committed fraud in applying for a motel job is nothing more than an attempt to portray the defendant has a character trait, to wit: dishonesty. Such proof is not probative as to any of the charges for which the defendant was indicted. Second, the probative value of the alleged 404(b) evidence is substantially outweighed by the danger of unfair prejudice. "Evidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Rule 404(a), Federal Rules of Evidence. Whatever relevance of the defendant's alleged dishonesty in applying for a motel job; such proof

3

would be unfairly prejudicial because the jury would easily be misled into concluding that the defendant's alleged display of a bad character trait of dishonesty on one occasion is proof of the fraudulent conduct on another occasion alleged in the indictment.

WHEREFORE the defendant prays that the Court determine that 404(b) evidence above is inadmissible at trial.

I HEREBY CERTIFY that a copy of the foregoing was furnished to Tiffany Eggers, 21 East Garden Street, Suite 400, Pensacola, Florida 32502 by electronic filing this 16th day of November, 2007.

/s/ *Spiro T. Kypreos*
SPIRO THEODORE KYPREOS
CJA Panel Attorney
Pensacola, FL 32501
850-433-2185
Fla. Bar No. 135237