IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                              Case No. 3:07cr114/LAC

**JUSTIN ERIC KING**

_____/

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION *IN LIMINE*

COMES NOW, the United States of America, by and through the undersigned Assistant Untied States Attorney, and provides this response to the defendant's Motion *in Limine* (Doc. 91).

1. The defendant is currently facing trial for seven (7) counts including: one count of conspiracy to commit visa fraud; five (5) counts of visa fraud; and one count of conspiracy to commit alien smuggling.

2. The basic nature of the scheme to defraud consisted of persons involved with companies using the names "Eurohouse Holding" and "Woland, Inc." ("companies") submitting fraudulent ETA-750 applications and fraudulent supporting justification documentation to various state

workforce agencies, i.e. Florida Agency for Workforce Innovation ("AWI") and Louisiana Department of Labor ("LDOL").  The ETA-750 applications and supporting documentation were then transmitted to the United States Department of Labor ("USDOL").  In the event an ETA-750 application was approved, the USDOL would mail the original certified ETA-750 application back to the designated address.  The company and/or other contract labor companies working with the subject companies would then mail the certified ETA-750 and federal Form I-129, ("the petition"), to the United States Citizenship and Immigration Services' ("CIS") processing centers located in either Texas or Vermont.  The ETA-750 application, the Form I-129 petition, and the supporting documentation were then reviewed by CIS, at which time CIS either approved the petition for the requested H2B workers and notified the appropriate United States Embassy, causing visas to be issued for the H2B workers, or denied the Form I-129 petition, resulting in no visas being issued.

In the event an ETA-750 application was denied when submitted to

the USDOL, the federal agency mailed the denial letter back to the address designated on the ETA-750 application.  The companies' only avenue to appeal the denial was to CIS.  In the event the companies appealed, the companies provided an appeal letter and additional supporting documentation to justify the ETA-750 application.  There were two such appeals made by the subject companies in this case.

     3.    During the course of investigating this case, the Government learned that during charged conspiracy, on or about May 7, 2007, the defendant applied at the "Bay Point Marriott Resort" located in Panama City, Florida for the position of "Director of Security."  (Government Ex. 52).  The defendant's application for employment, resumé and letters of reference are crucial pieces of Fed. R. Evid. 404(b) evidence in this case, aiding the Government in not only establishing knowledge, intent, absence of mistake or accident, motive and plan, but are also pieces of direct evidence as shown below.

     a.    On the application for employment in the contact section, the defendant listed his cellular phone number as "xxx-xxx-7545" and his wife's cellular phone number as "xxx-xx-0049."  These telephone numbers are the

contact telephone numbers listed on multiple ETA-750s already introduced and admitted into evidence. The Government sought a pre-trial stipulation from the defendant that these numbers belonged to him and to his wife; however, the defendant declined to so stipulate.

      b.      In the previous employment section of the application, the defendant stated that he worked for "EH Holding Company" from December 2004 to present, May 2007. The defendant listed his income as "$36,000 to $72,000." During opening statement, defense counsel stated that the evidence will show the defendant worked at "Papa John's Pizza" between January 2007 and March 2007, thereby implying that the defendant had no involvement with the conspiracy during that time period or three of the charged substantive counts (Counts 9, 10 and 11). Therefore, this evidence is direct evidence of the defendant's involvement in the conspiracy.

      c.      In the references section the defendant listed two persons, co-conspirator Anna Czerwien and Steven Murphy. The defendant stated that Mr. Murphy's contact number was xxx-xxx-1193. As shown below, this number was listed on letters of support filed with CIS during the appeal of the two fraudulent ETA-750s.

  d. In the defendant's resumé, he listed employment with "EH Holding Corporation" between "2004-2007." The defendant provided the following job description for his employment with said company:

> Currently directing daily operations of a multi-national labor firm. Responsible for the overseas recruitment of temporary workers, ensuring their arrival to the work locations, arranging housing and transportation, and coordinating with foreign governments. *Acting as company liaison to US government.* Responsible for multimillion dollar budget.

(*Emphasis added.*) This is relevant direct evidence because the defense stated during opening statement that the defendant was no more than a "glorified gofer" for the companies. The defense attempted to minimize the defendant's role in the suspect companies and to imply he really played no part at all in their operations. In his resumé, the defendant is stating just the opposite.

  e. Further, in support of his job application, the defendant provided a reference letter purportedly signed by "Steven Murphy" with a contact number of "xxx-xxx-1193." The letter is on the purported letterhead of "LGM Enterprises." In pertinent part, the letter states:

5

> I had the privilege of serving under Mr. King while fulfilling a contract with the United States Government. At the time, he was the youngest person ever selected to lead a civilian team of that importance. His intense focus on training and almost constant reevaluation of our means and methods lead us though two years of overseas deployment without a singe negative incident, injury, or unaccomplished mission. His ability to coordinate operations with local, state, federal, and international organizations through numerous language and cultural barriers has literally become legendary.

According to Steven Murphy, he did not author, authorize or sign this letter. Mr. Murphy indicated that he is close friends with the defendant; however, none of the information provided in the letter is accurate. This evidence is relevant Fed. R. Evid. 404(b) evidence because the Government will present the testimony of multiple hotel employees stating that the documents filed as supporting documentation with the ETA-750 applications and the appeals to CIS were fictitious letters bearing forged signatures for them as well.

      f.     Additionally, during the course of the scheme, the defendant used his friend, Stephen Murphy's, name and phone number in other fraudulent ways as well. In four of the ETA-750 applications introduced into evidence, Government's exhibits 18, 19, 20 and 22, the companies filed supporting documentation with the ETA-750 applications which included a

two page "employee listing." The name "Stephen Murphy" appears on all four of these documents. Stephen Murphy indicates that he has never been employed by the suspect companies, has never received a paycheck from the suspect companies, and has never received any type of monetary remuneration from the suspect companies.

    g.    Further, during the course of the conspiracy, the companies appealed the USDOL's denial of Government Ex. 8A Government Ex. 17B. In support of the appeals, the companies provided multiple letters of reference, which included a letter on the purported letterhead of the "Citizens Law Enforcement Support Program" dated "October 20, 2006." The signature at the bottom of the document is purportedly that of "James Murphy" and the contact telephone number listed is "xxx-xxx-1193," Steven Murphy's telephone number.

    h.    Additionally, during the course of the investigation the Government has learned a number of things concerning "LGM Enterprises," and its involvement with the suspect companies and Steven Murphy. On or about July 16, 2006, the defendant and Steven Murphy filed articles of incorporation in the state of Florida for "LGM Enterprises." The defendant

was listed as a Registered Agent for the company. The principal place of business for the company was "50 Garnett Bayou Road." (Government Ex. 132). According to Stephen Murphy, the defendant offered to use this address on the incorporation documents. Through the testimony of the cooperating co-conspirators, the Government will present evidence that the defendant offered this same address as a principal address for the fictitious corporation created by the members of the conspiracy to disguise their involvement with the company from federal and state agencies.

    i.    During the execution of federal search warrants in this case, the Government recovered a contractor agreement between "LGM, Inc." and "Eurohouse Holding Corp." (Government Ex. 110). The agreement is signed by a signature appearing to be that of the defendant and purportedly that of "Steven Murphy" dated "July 5, 2006." The contract is essentially an agreement that Eurohouse Holding would share labor with LGM. LGM agreed to pay a fee of $1.00 per hour of work it received from Eurohouse labor. None of the defendant's charged co-conspirators were aware of the this service agreement.

j. Also during execution of the federal searches, law enforcement located a service agreement between "LGM, Inc." and "Destin West," a hotel located Destin, Florida dated "June 26, 2006." (Government Ex. 109). The service agreement was signed by "Fred E. Tolbert, III" and essentially provided that LGM, Inc. would provide condominium room cleaning services for Destin West at a negotiated rate. The Government will present witnesses from Destin West who will establish that Destin West paid Justin King approximately $2,000 for these labor services. (Government Ex. 112). None of the defendant's charged co-conspirators nor Steven Murphy were aware of the contract, let alone the proceeds the defendant earned from it.

k. Although not mentioned in the defendant's motion in limine, (Doc. 91), the defendant has also requested that the defendant's job application and personnel file with the "Hilton Sandestin" for the position of "Bellman" not be introduced into evidence. (Government Ex. 146). Initially, the Government had not anticipated introducing this exhibit into evidence however, the Government does now wish to do so for the following reasons. In his resumé, the defendant lists his telephone number as "xxx-1217." This is a number later used by the suspect companies during the

9

scheme. Additionally, in the reference section, the defendant provides the name "Dominic Orlando." This name also appears on one of the supporting documents filed by the suspect companies in Government Ex. 18, 19, 20 and 22. And finally, each of the documents in Government Ex. 146 and the defendant's job application at the "Bay Point Marriott" (Government Ex. 52) bear the defendant's handwriting and signature. This evidence is needed to compare with handwriting and signatures the jury will see on United States Postal mailings to AWI, LDOL, the Mississippi state workforce agency and CIS.

WHEREFORE, the United States respectfully requests that the Court deny the defendant's Motion *in Limine,* and admit the challenged evidence in the Government's case-in-chief.

RESPECTFULLY SUBMITTED this 27th day of November, 2007.

GREGORY R. MILLER
United States Attorney

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant U.S. Attorney
Florida Bar No. 193968
21 East Garden Street
Pensacola, FL 32502
850-444-4000

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY a copy of the foregoing Government's Response to Defendant's Motion *in Limine* has been furnished by the Northern District of Florida Case Management/Electronic Case Filing (CM/ECF) system this 27th day of November, 2007 to Spiro T. Kypreos, counsel for defendant.

                                                */s/ Tiffany H. Eggers*
                                                TIFFANY H. EGGERS
                                                Assistant U.S. Attorney