UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISON

UNITED STATES OF AMERICA

v.                                                          CASE NO. 3:07cr114/LAC

JUSTIN ERIC KING

---

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
**General Conspiracy Charge**
**18 USC s. 371**

Title 18, United States Code, Section 371 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is **not** necessary for the Government to prove that all of the people named in the indictment were

FILED IN OPEN COURT THIS
11/26/07
CLERK, U. S. DISTRICT
COURT, NORTH DIST. FLA.

1

members of the scheme, **or** that those who **were** members had entered into any formal type of agreement; **or** that the members had planned together **all** of the details of the scheme or that the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense in the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case **must** show beyond a reasonable doubt is:

**First:** That two or more persons in some way or manner, came to a mutual understanding to accomplish a common and unlawful plan to encourage or induce aliens to enter into and reside in the United States in violation of law as charged in Count One of the indictment;

**Second:** That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

**Third:** That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods or "overt acts" described in the indictment; and

**Fourth:** That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

3

I HEREBY CERTIFY that a copy of the foregoing was furnished to Tiffany H. Eggers, AUSA, 21 East Garden Street, Suite 400, Pensacola, FL 32502 by hand delivery this 26th day of November, 2007.

SPIRO THEODORE KYPREOS
Attorney for Defendant
3 West Garden Street, Suite 367
Pensacola, FL 32502
Fla. Bar No. 135237