IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA
Plaintiff,

vs.   Case No. 3:07cr114/LAC

JUSTIN ERIC KING
Defendant.

## GOVERNMENT'S MOTION AND MEMORANDUM FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through the United States Attorney for the Northern District of Florida, respectfully moves this Court pursuant to Rule 32(d)(2) and 32.2(b), Fed. R. Crim. P., for the issuance of a Preliminary Order of Forfeiture in the above-styled case. In support thereof, the following is provided:

1. On or about December 03, 2007, defendant **JUSTIN ERIC KING**, was found guilty of One Count of Conspiracy to make or present false statements on immigration documents, in violation of Title 18, United States Code, Section 1546(a) and 371, Five Counts of visa fraud in violation of Title 18, United States Code, Sections 1546(a) and 2, and one count of conspiracy to commit illegal alien entry and residence, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I) and (a)(1)(B)(i) and Title 18, United States Code, 371.

FILED IN OPEN COURT THIS
2/26/08
CLERK, U.S. DISTRICT
COURT, NORTH DIST. FLA.

2. The defendant has stipulated to the forfeiture of any and all property involved in such offenses, or any property traceable to such property as a result of the defendant's violation of Title 18 United States Code, Sections 371 and 1546(a) and 2 and Title 8, United States Code, Sections 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I) and (a)(1)(B)(I).

3. The United States has not, as of this date, identified all assets that were derived from the offenses for which the Defendant has been convicted. Nor has the United States yet identified all of the Defendant's property that could be forfeited as a substitute asset in accordance with Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 982(a)(6).

4. Accordingly, the United States seeks the entry of a Final Order of Forfeiture consisting of a personal money judgment against the defendant, joint and severally with co-conspirators, **ANNA SHAULOVA CZERWIEN, ALEKSANDER V. BERMAN, and VYACHESLAVE ADOL'FOVICH FINKEL** in the amount of **one million dollars ($1,000,000.00)**, which sums represent proceeds obtained directly or indirectly, from violations of Title 18 United States Code, Sections 371 and 1546(a) and 2 and Title 8, United States Code, Sections 1324(a)(1)(A)(iv),(a)(1)(A)(v)(I) and (a)(1)(B)(I).

5. The entry of a Final Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for

the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001) (same, following *Candelaria-Silva*); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (because criminal forfeiture is *in personam*, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) *(en banc)* (criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir. 1986) (same); *United States v. Robilotto*, 828 F.2d 940, 949 (2d Cir. 1987) (following *Conner* and *Ginsburg*; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); *United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds); *United States v. Voigt*, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (the Government is entitled to a personal money judgment equal to the amount of money involved in the money laundering offense); *United States v. Holland*, 160 F.3d 377, 380 (7th Cir. 1998) (defendant ordered to pay

judgment equal to value of property concealed from bankruptcy court and subsequently laundered); *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000) (*Corrado I*) (remanding case to the district court to enter money judgment for the amount derived from a RICO offense); *United States v. Saccoccia*, 823 F. Supp. 994, 1006 (D.R.I. 1993) (money judgment for the amount laundered, $136 million, entered against each defendant), *aff'd*, 58 F.3d 754 (1st Cir. 1995); *United States v. Sokolow*, 1995 WL 113079 at *1 (E.D. Pa. 1995) (because money is fungible, the Government need not receive the identical money involved in the money laundering offense so long as the amount involved is known), *aff'd*, 81 F.3d 397 (3d Cir. 1996); *United States v. Cleveland*, 1997 WL 537707 at *11 (E.D. La. 1997) (the Government is entitled to a money judgment equal to the amount of money that defendant laundered in money laundering case); *United States v. Stewart*, 1998 WL 720063 (E.D. Pa. 1998) (court enters money judgment for "aggregate sum of all money laundering counts for which defendant was convicted"), *aff'd as modified*, 185 F.3d 112 (3d Cir. 1999); *United States v. Henry*, 850 F. Supp. 681, 683 (M.D. Tenn. 1994) (court enters money judgment for $191,206, which was the amount of Medicare fraud proceeds defendant was convicted of laundering), *aff'd*, 64 F.3d 664, 1995 WL 478635 (6th Cir. 1995) (Table); *United States v. Delco Wire and Cable Co., Inc.*, 772 F. Supp. 1511 (E.D. Pa. 1991) (criminal forfeiture is "like a money judgment that runs against the defendant until satisfied in full;" judgment entered for $10 million, which was the amount of the racketeering proceeds).

      6.    Once the Final Order of Forfeiture is entered, the Government may move

at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. *See United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (once the Government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (same); *United States v. Numisgroup Intl. Corp*, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); *United States v. Harrison*, 2001 WL 803695 (N.D. Ill. 2001) (entry of money judgment as part of preliminary order of forfeiture gives Government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets; Rule 32.2(e)); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment).

    7.    The Court's jurisdiction in this matter is founded upon Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 982(a)(6), which sections provide in pertinent part that any person convicted of violating Title 18, United States Code, Sections 371 and 1546(a) and 2 and Title 8, United States Code, Sections 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I) and (a)(1)(B)(I) shall forfeit to the United States any property, real or personal, involved in such offense.

    8.    Pursuant to Rule 32(b)(2) and 32.2(b), Fed. R. Crim. P., the Court's

Order also "shall authorize the Attorney General to seize the interest or currency subject to forfeiture."

9.     By virtue of said guilty verdict and consent by the defendant, the United States is entitled to the entry of an Preliminary Order of Forfeiture pursuant to Rule 32(d)(2) and 32.2(b) of the Federal Rules of Criminal Procedure, Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 982(a)(6). Upon the issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have or claim a legal interest in said property, and will also publish notice in a newspaper of general circulation of the Court's Order, and the United States' intent to dispose of the property in such manner as the Attorney General may direct.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, forfeiting to the United States all rights, claims, and interests of the defendant, **JUSTIN ERIC KING,** to the property described herein, and authorizing the United States to seize the forfeited property in accordance with law or further order of this Court.

6

SUBMITTED this 26 day of February, 2008.

                                        Respectfully submitted,

                                        GREGORY R. MILLER
                                        United States Attorney

                                        TIFFANY H. EGGERS
                                        Assistant United States Attorney
                                        Florida Bar No. 193968
                                        21 East Garden Street, Suite 300
                                        Pensacola, Florida 32502-5675
                                        (850) 444-4000

## RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that a copy of the forgoing motion and memorandum have have been furnished via electric filing to Spiro Kypreos, Esq., counsel for defendant this 26th day of February, 2008.

                                        TIFFANY H. EGGERS
                                        Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing motion and memorandum have been furnished by hand delivery to to Spiro Kypreos, Esq., counsel for defendant, this 26th day of February, 2008.

                                        TIFFANY H. EGGERS
                                        Assistant U.S. Attorney